Andrew Lee v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-339-CR
No. 10-01-340-CR
No. 10-01-341-CR
No. 10-01-342-CR

     ANDREW LEE,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 184th District Court
Harris County, Texas
Trial Court Nos. 846,501, 846,502, 849,615 and 849,743
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Andrew Lee pled guilty to three charges of robbery and one charge of assault of a police
officer. Lee also pled true to two enhancements for each charge. After a presentence
investigation report (PSI) was received, the trial court sentenced Lee to life on each charge. We
affirm.
      Lee outlines two constitutional claims regarding the sentences he received. In his first issue,
he claims that his due process rights under the Texas Constitution were violated when the court
sentenced him to four life sentences. In his second issue, Lee contends that four life sentences
amounted to cruel and unusual punishment under the United States Constitution.
      At the sentencing hearing, Lee’s PSI was introduced. It revealed that Lee robbed two hotels
while intimating that he possessed a weapon and one individual whom he kicked to maintain
control of the property he had taken. Lee had also been convicted at least 18 times, if not more,
since the 1960's. For those offenses, he spent time in jail, on probation, and in prison. In a
statement prepared for the PSI, Lee claimed that he had been using drugs since the age of seven. 
He also claimed that he had a diabetes/liver problem, heart problem, and “other illness which
deride from my dibeteis. Cancer/sight/herpret C.” Also in a prepared statement, Lee’s common
law wife confirmed Lee’s long history of drug abuse. She also stated that he had deteriorating
health.
      When the sentences were pronounced, Lee did not complain that the sentences violated his
due process rights. Further, he failed to object that the sentences constituted cruel and unusual
punishment. To preserve a complaint for appellate review, an appellant must present to the trial
court a timely request, objection, or motion, stating the specific grounds for the ruling desired. 
Tex. R. App. P. 33.1(a)(1)(A). Complaints of due process violations and cruel and unusual
punishment can be waived by the failure to object at trial. Rhoades v. State, 934 S.W.2d 113, 119
(Tex. Crim. App. 1996); Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App.1995); Jackson
v. State, (Tex. App.—Texarkana 1999, no pet.). Thus, without objecting at trial, Lee has waived
these issues for review. Issues one and two are overruled.
      Having overruled both issues, the trial court’s judgment is affirmed.
 
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed July 3, 2002
Do not publish
[CRPM]